BLOODWORTH, Justice.
Petitioners were convicted of criminal contempt for violation of a temporary restraining order. They then filed petitions for writs of habeas corpus which, after their release from jail, they asked to be treated as petitions for writs of certiorari..
The contempt citations were collateral to a civil action brought by the Water Works Board to enjoin a strike against it. On the morning of Thursday, August 2, 1979, the union and a number of Water Works Board employees commenced a strike and picketing of the Board’s main office and other facilities in Birmingham, Alabama. The court entered a temporary restraining order against the strike the afternoon of August 2, 1979. On Monday, August 6, a show cause order was issued against Mr. Richardson and Mr. Chapman for violating the TRO. Two separate findings of criminal contempt were entered for alleged violations on Friday August 3, 1979, against both Mr. Richardson and Mr. Chapman. Each petitioner was found guilty of violating the TRO, based upon picket line participation and breaking windows on vehicles occupied by non-striking employees who were attempting to enter the Board’s parking lot. Petitioners filed petitions for writs of habeas corpus for stays of their jail sen *832 tences pending review. Following oral argument before this court, the requests were denied on August 24,1979. Later, a motion was made to consider the actions as petitions for writs of certiorari, and they have been so treated.
This case is identical in all respects to Ex parte Purvis [MS. February 22, 1980] (Ala.1980), which is dispositive of all issues except for the issue of notice.
On that issue, Walker v. City of Birmingham, 279 Ala. 53, 181 So.2d 493, affirmed, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), states the general rule that one who violates an injunction is guilty of contempt, although he is not a party to the injunction suit, if he has notice or knowledge of the injunction order, and is within the class of persons whose conduct is intended to be restrained, or if he acts in concert with such persons. The trial court found, on the basis of substantial evidence, that both petitioners had notice of the temporary restraining order issued by the court.
Mr. Chapman was handed a copy of the court order on Thursday, August 2, 1979.
Mr. Richardson was found to have had notice in the following manner. Notice was given to the union lawyer, Mr. William Dawson. A pre-strike letter was mailed to Mr. Richardson on August 1 advising him that an injunction would be sought if the threatened strike materialized. Moreover, on August 2, when the strike started, counsel for the Water Works personally telephoned Mr. Richardson’s residence and left word as to the time a TRO would be sought from the court. Mr. Richardson was seen on the morning of Friday, August 3, 1979, with a Mr. James R. Purvis, who testified he knew they were enjoined at that point. Evidence in the form of a motion picture film was also introduced showing Mr. Richardson was in contact with Mr. Chapman and Mr. Latham, both of whom were served in person with a copy of the restraining order. Mr. Richardson was named as a defendant in the suit since he was a union committee member. Although circumstantial, the evidence showing Mr. Richardson had notice of the order is substantial enough to support the trial court’s finding of notice to him. We hold that notice was sufficient.
This case is therefore affirmed on the authority of Ex parte Purvis, supra.
AFFIRMED.
TORBERT, C. J., FAULKNER and EM-BRY, JJ., and TYNER, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.